# REIBMAN & WEINER

26 Court Street
Suite 1808
Brooklyn, New York 11242
Telephone (718) 522-1743
Facsimile (718) 522-6093

Marc Reibman
Steven M. Weiner

Michael Lumer
Counsel

October 1, 2010

**By ECF**
Honorable Joan M. Azrack
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:   *Powell, et al., v. City of New York, et al.,*
             **09 CV 1432  (SLT) (JMA)**

Dear Judge Azrack:

      We represent the plaintiffs in the above matter and write to seek an order to compel defendants (i) to produce long outstanding discovery responses as previously ordered by this Court; (ii) to provide deposition dates between mid-October and mid-December 2010 for all of the individuals named in the plaintiffs' Notice of Depositions dated May 19, 2010; and (iii) awarding plaintiffs legal fees and costs for the making of this motion.  The Court most recently ordered defendant to produce the discovery responses by September 15, 2010.  They have not done so nor has counsel responded to my written or telephonic inquiries.  Unfortunately, defendants' abject refusal to respond to court orders, discovery demands and communications from plaintiffs' counsel has been a constant throughout this litigation.

      By way of background, plaintiffs served defense counsel, David N. Pollack, by overnight mail with plaintiff's First Set of Interrogatories and Demand for Documents, and with deposition notices for eight police officers.  The defendants' responses were due no later than June 21, 2010.  The defendants did not respond nor did they ask for additional time to respond.

      On or about June 28, 2010, I telephoned counsel to discuss the outstanding discovery.  Mr. Pollack assured me that responses were forthcoming. On July 2, 2010, after Mr. Pollack failed to appear for a telephonic status conference, I wrote to him confirming our discussion and our need for the responses and depositions dates.  No response was received.

      On July 16, 2010, I again wrote to Mr. Pollack, again advising him that defendants' responses were outstanding, as were the noticed depositions.  Again, defendants did not respond in any fashion.

Hon. Joan M. Azrack
Powell v. City of New York, 09 CV 1432 (SLT) (JMA)
October 1, 2010
Page -2-

      On August 18, 2010, I happened to see Mr. Pollack while I was at his office on an unrelated matter. I reminded him of the outstanding discovery and urged him to respond promptly. Mr. Pollack stated that he would do so. He did not.

      On September 2, 2010, I wrote to the Court advising of the above. Mr. Pollack did not submit a response. When the parties appeared for a conference on September 8, 2010, the Court directed defendants to produce responses by September 15, 2010.

      On September 27, 2010, when no responses or communications had been received from defendants, I again wrote to Mr. Pollack. In that letter I urged him to respond and advised that we would be seeking judicial intervention if defendants did not promptly comply. Once again counsel ignored our request.

      We recognize that the initial delay may have resulted from defense counsel's absence from the office for medical reasons. However, it is my understanding that Mr. Pollack returned to work in June 2010. Despite my many attempts to resolve this matter informally defendants have chosen instead to simply pretend this case does not exist. Indeed, counsel's casual failure to comply with this Court's September 8, 2010, order speaks volumes.

      We regret the need for this letter. However, defendants' refusal to respond to any of my communications leaves no other choice. Accordingly, plaintiffs ask that the Court issue an order compelling defendants (i) to produce long outstanding discovery responses as previously ordered by this Court; (ii) to provide deposition dates between mid-October and mid-December 2010 for all of the individuals named in the plaintiffs' Notice of Depositions dated May 19, 2010; and (iii) awarding plaintiffs legal fees and costs for the making of this motion.

      Thank you for your kind attention to this matter.

                            Respectfully submitted,

                            /s/

                            Michael B. Lumer

cc:    David N. Pollack, ACC (By ECF)